■ CITY OF NEW YORK et al., Appellants, v LEARNING ANNEX, INC., et al., Respondents. (And a Third-Party Action.) —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered June 26, 1991, which granted defendants' motion for summary judgment and denied plaintiffs' cross-motion for summary judgment, unanimously affirmed, without costs.

A previous effort by the City to enjoin defendants from distributing a publication entitled *The Learning Annex* was denied because the City acted without benefit of guidelines as to which publications could be distributed through sidewalk bins *(City of New York v American School Publs.,* 119 AD2d 13), whereupon the City promulgated a regulation prohibiting the installation of sidewalk structures for the purpose of distributing commercial speech (Highway Rules and Regulations § 2.5-a [34 RCNY 2-08 (b)]). At issue is whether *The Learning Annex* is commercial speech subject to regulation, and if so, whether the City's regulation is constitutional. We agree with the IAS Court that Highway Rules and Regulations § 2.5-a is unconstitutional regardless of whether *The Learning Annex* be deemed commercial or noncommercial speech. (We note that while the August 1988 issue of *The Learning Annex* reviewed by the City and the court was noncommercial speech in that it contained informational articles not related solely to the economic interests of the speaker and potential customers *[see, City of New York v American School Publs.,* 119 AD2d 13, 18, *supra],* an examination of subsequent issues reveals that the publication often contained few or no noncommercial articles or materials.) The City undoubtedly has a substantial interest to be achieved by the restrictions it would place on commercial speech distributed through sidewalk bins, namely, maintenance of the safety, enjoyment and appearance of its sidewalks, but the regulation does not effectively advance that interest since it does not control the installation of bins containing other publications whose distribution is not banned by the City *(see, Central*

*Hudson Gas & Elec. v Public Serv. Commn.,* 447 US 557, 564). In addition, the City does not show that its interests in sidewalk safety, enjoyment and appearance can only be advanced by an outright ban on sidewalk bins distributing commercial speech, and not by narrower means, such as a limitation on their number and location, and thus, the regulation is also constitutionally infirm since it is more extensive than necessary to serve the City's interests *(see, supra,* at 566). Concur—Carro, J. P., Milonas, Ellerin and Asch, JJ. *[See,* 150 Misc 2d 791.]